UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FERMIN ALBERTO GARCIA,**

    **Plaintiff,**

v.                                       Case No.   8:05-cv-1892-T-30MAP
                                                                         8:03-cr-458-T-30MAP

**UNITED STATES OF AMERICA,**

    **Defendant.**
_____

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody (CV Dkt. #1) filed on October 11, 2005.  The Court has undertaken a prompt preliminary review of the motion and memorandum in support and the prior proceedings in the underlying case[1] as required by Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Courts.  After doing so, the Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Plaintiff's motion is barred by the applicable one (1) year limitation period mandated by Title 28 U.S.C. § 2255.  As such, this Court lacks jurisdiction to consider the motion.  Consequently, the Court needs no response from the Defendant.

---

[1] See case number 8:03-cr-458-T-30MAP-1.

**I.    Background.**

Plaintiff was indicted by a federal grand jury for the following offenses while aboard a vessel subject to the jurisdiction of the United States, with the Middle District of Florida being the place at which Plaintiff entered the United States: Count I - Plaintiff knowingly and willfully combined, conspired and agreed with other persons to possess with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance in violation of Title 46 Appendix, U.S.C., Sections 1903(a) and 1903(g) and contrary to Title 46, U.S.C., Sections 1903(a), 1903(g) and 1903(j) and Title 21 U.S.C., Section 960(b)(1)(B)(ii); and Count II - Plaintiff knowingly and intentionally possessed with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance in violation of Title 46 Appendix, U.S.C., Sections 1903(a) and 1903(g), Title 18, U.S.C., Section 2, and Title 21, U.S.C., Section 960(b)(1)(B)(ii).[2]

Plaintiff pled guilty to Count II pursuant to a Plea Agreement containing a waiver of appeal provision.[3]  Plaintiff's plea of guilty as to Count II was accepted by the Court.[4] Pursuant to the Plea Agreement, the Government voluntarily dismissed Count I of the Indictment.  On June 23, 2004, the Government made an oral motion to reduce Plaintiff's

---

[2] See CR Dkt. #15.

[3] See CR Dkt. #43.

[4] See CR Dkt. #51.

sentence and this Court granted the same. Consequently, this Court sentenced Plaintiff to 168 months imprisonment, a term of supervised release of 36 months and a special assessment of $100.[5] On June 24, 2004, this Court entered the Judgment against Plaintiff.[6]

Subsequent to the entry of the Judgment against Plaintiff, on March 14, 2005, Plaintiff filed an untimely Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit judgment entered against him.[7] On April 18, 2005, the Eleventh Circuit entered an order dismissing the appeal, <u>sua sponte</u>, for lack of jurisdiction.[8] The Eleventh Circuit found that Plaintiff's Notice of Appeal was untimely filed.[9] Plaintiff did not challenge the Eleventh Circuit's Denial of his appeal and now seeks collateral relief under § 2255.

On May 20, 2005, Plaintiff filed a Letter Motion requesting to be re-sentenced.[10] On July 1, 2005, this Court entered an Order Denying Request to Be Re-Sentenced.[11] In the Order Denying Request to be Re-sentenced, this Court stated, in pertinent part:

> "...Now almost a year later, Defendant asks to be re-sentenced 'pursuant to the intervening changes in the law under <u>Blakely</u>, <u>Booker</u>, <u>FanFan</u>, <u>Shepard</u>, and <u>Apprendi</u>'. None of those cases authorize this Court to re-sentence the Defendant. Even if Defendant Garcia had attacked his sentence under a

---

[5] <u>See</u> CR Dkt. #75.

[6] <u>See</u> CR Dkt. #77.

[7] <u>See</u> CR Dkt. #89.

[8] <u>See</u> CR Dkt. #94.

[9] <u>See</u> id.

[10] <u>See</u> CR Dkt. #98.

[11] <u>See</u> CR Dkt. #99.

> Section 2255 motion, it would still fail...The Eleventh Circuit has followed the Seventh Circuit and concluded that <u>Booker</u> does not apply retroactively to cases on collateral review. <u>Varela v. United States</u>, 400 F. 3d 864 (11th Cir. 2005), <u>McReynolds v. United States</u>, 397 F. 3d 479 (7th Cir. 2005)."

Accordingly, this Court has already found that a § 2255 motion brought by Plaintiff arguing on the grounds of <u>Blakely</u>, <u>Booker</u>, <u>FanFan</u>, <u>Shepard</u>, or <u>Apprendi</u> would fail.

## II.     Plaintiff's Grounds for Relief.

Plaintiff raises four grounds for relief: (1) Plaintiff's conviction and sentence are unlawful because he is innocent; (2) Plaintiff's conviction obtained by a plea of guilty was unlawfully induced or not made voluntarily or with understanding of the nature of the charge or the consequences of the plea; (3) Plaintiff was denied effective assistance of counsel during case and sentencing hearing; and (4) and Plaintiff's sentence is an Ex Post Facto Violation because at the time of his crime and sentence the Sentencing Reform Act was unconstitutional.

## III.    Standard of Review.

Title 28 U.S.C. § 2255 states, in pertinent part:

> "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by the government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[12]

## IV.  Analysis.

Under the circumstances of this case, the 1-year period of limitation began to run upon the expiration of any right to appeal.[13] Plaintiff's judgment became final upon the entry of judgment against him by this Court on June 25, 2004. Plaintiff did not file an appeal within 10 days, therefore, his right to appeal to the Eleventh Circuit Court of Appeals expired on July 12, 2004.[14] Consequently, the 1-year statutory limitation period for Plaintiff to file a Motion to Vacate pursuant to § 2255 expired on July 12, 2005 (one year and 10 days after the date on which Plaintiff's judgment became final).

As stated supra, Plaintiff did not file this § 2255 motion until October 11, 2005, clearly more than a year after his judgment was entered and the time for appeal expired. This Court finds that Plaintiff is barred from bringing this motion by the one (1) year limitation period applicable to § 2255 motions.

Furthermore, Plaintiff is barred from bring this motion since he has already filed a motion with this Court requesting to be re-sentenced. As stated supra, on May 20, 2005, Plaintiff filed a letter motion with this Court requesting to be re-sentenced which, essentially,

---

[12] See id. 28 U.S.C. § 2255.

[13] The record does not support nor has Plaintiff pled allegations that would support a later date for the limitation period to begin pursuant to subparagraphs 2, 3, or 4 of § 2255.

[14] On March 14, 2005, Plaintiff filed an untimely appeal to the Eleventh Circuit Court of Appeals which was dismissed sua sponte, for lack of jurisdiction. An untimely filed notice of appeal does not equitably toll the one year limitation period contained in § 2255.

was a motion to vacate. On July 1, 2005, this Court entered an Order Denying Request To Be Re-sentenced. Subsequently, on October 11, 2005, Plaintiff filed this motion with the District Court asking for similar relief, but on different grounds. Pursuant to § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals..." Title 28 U.S.C. § 2255. Plaintiff's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody (CV Dkt. #1) has not been certified as provided in section 2244 by a panel of the appropriate court of appeals. Therefore, this Court lacks jurisdiction to consider this motion because Plaintiff filed it directly with this Court without first seeking authorization from the Eleventh Circuit Court of Appeals. See Farris v. United States, 333 F. 3d 1211, 1216 (11th Cir. 2003).

**ACCORDINGLY**, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody (Case No. 8:05-cv-1892-T-30MAP, CV Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment against Plaintiff, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 2, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1892.order denying mt vacate.frm